# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| TERRY V. SANDERS, | ) |
|---|---|
| Movant, | ) |
| v. | ) Case No. CV415-324 |
| | ) CR410-162 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Having pled guilty to, then sentenced for possession of an unregistered firearm, (doc. 33 (guilty plea)[1], doc. 35 (judgment)), Terry Sanders moves under 28 U.S.C. § 2255 for resentencing absent a career offender sentencing enhancement. Doc. 38. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Sanders' Presentence Investigation Report (PSI) deemed him a career offender under U.S.S.G. § 4B1.1 based on prior convictions for aggravated assault with intent to rob and possession of marijuana with

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

intent to distribute. PSI ¶ 19. After adopting the PSI, the Court sentenced him to 120 months' imprisonment. Doc. 35 (entered April 5, 2011). Because he never appealed, Sanders' conviction became final on April 19, 2011. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Defendant filed the instant § 2255 motion more than four years later. Doc. 38 at 12 (filed December 21, 2015). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), means his unregistered firearm conviction cannot serve as a predicate offense for his 4B1.1 enhancement, so he no longer qualifies as a career offender. Doc. 38 at 5. He premises his motion's timeliness on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc. 38 at 4.[2]

Some background: The Armed Career Criminal Act ("ACCA") provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g)

---

[2] Sanders cites § 2255(f)(4) -- which starts the one year limitations clock from the date new facts supporting a relief claim could have been discovered -- instead of (f)(3), which starts the clock from the date the Supreme Court recognizes a right, if that right has been made "retroactively applicable to cases on collateral review." The (f)(4) provision unambiguously does not apply since, at least in this context, a court opinion does not constitute a fact which triggers the statute of limitations. Construing his motion liberally, the Court presumes Sanders meant (f)(3).

and (2) have "three prior convictions . . . for a *violent felony* or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). But that "residual" clause is so vague, *Johnson* held, that it violates due process. *See* 135 S. Ct. 2551, 2557. Yet *Johnson* said nothing about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions *other than* the residual clause.[3] *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of a "serious drug offense"). Enhancements based on those

---

[3] Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A).

3

offenses remain valid. *See United States v. Darling*, 619 F. App'x 877, 880 n. 5 (11th Cir. 2015) ("*Johnson* . . . has no bearing" on ACCA enhancements based on serious drug offense predicates); *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause *Johnson* found unconstitutional (it also contains the same "elements" and "drug offense" clauses). U.S.S.G. § 4B1.2(a)(2). What's more, Sanders' unregistered firearm conviction only qualified as a crime of violence predicate under the Guidelines' "residual clause." So, if *Johnson*'s animating logic applies to the Guidelines, his career offender enhancement is unconstitutional.

At least in this circuit, however, it does not.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id.* at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes

4

fixing sentences." *Id.* at 2557. The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.

The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

"Because there is no constitutional right to sentencing guidelines— or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a

defendant's right to due process by reason of being vague." *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *see also United States v. Brown*, 2015 WL 9301410 at * 1 (11th Cir. Dec. 22, 2015) (same).

Even if *Johnson* applied, Sanders' motion still fails because the relief he seeks is moot. A recommended Guidelines range consists of two parts -- an offense level computation and a criminal history score. *See Simmons v. United States*, 2015 WL 7444620 at * 1 (S.D. Ga. Nov. 23, 2015). Sanders' offense level computation disregarded his career offender enhancement because the enhancement called for a lower offense level than the base offense level calculation. PSI ¶ 19. Too, his criminal history fell in category VI even before applying the enhancement (which mandates category VI). PSI ¶ 32-33. Regardless of the enhancement, then, Sanders' recommended guidelines range remains the same. *Cf. Simmons*, 2015 WL 7444620 at * 1 (resentencing not moot because career offender enhancement resulted in higher criminal history category).

It follows that Sanders cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead,

6

he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (April 19, 2011). It ran out on April 19, 2012 (he never appealed or sought post-conviction relief before now), so his § 2255 motion is untimely.[4]

Accordingly, Sanders' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 4th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Sanders also fails to demonstrate (indeed, he never raises the issue) eligibility for equitable tolling of the limitations period. *See Lucas v. United States*, 522 F. App'x 556, 559 (11th Cir. 2013).

7